BWB:AES

**12 M 745**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ROGELIO ROJAS HERNANDEZ,
    also known as
    "Eloy Magana,"
    "Rojelio R. Hernandez,"
    "Rojelio Rojas Hernandez," and
    "Rogelio Rojas-Hernandez"

                Defendant.

- - - - - - - - - - - - - - - - X

C O M P L A I N T

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

        MATTHEW LEW, being duly sworn, deposes and states that he is a Deportation Officer with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

        On or about July 26, 2012, within the Eastern District of New York and elsewhere, the defendant ROGELIO ROJAS HERNANDEZ, also known as "Eloy Magana," "Rojelio R. Hernandez," "Rojelio Rojas Hernandez" and "Rogelio Rojas-Hernandez," an alien who had previously been arrested and convicted of an aggravated felony and was thereafter removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the United States Department of Homeland

Security, had expressly consented, was found in the United States.

(Title 8, United States Code, Section 1326(b)(2)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the administrative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about July 26, 2012, the defendant ROGELIO ROJAS HERNANDEZ, also known as "Eloy Magana," "Rojelio R. Hernandez," "Rojelio Rojas Hernandez" and "Rogelio Rojas-Hernandez," was arrested by officers of the New York City Police Department ("NYPD"), 83rd Precinct, in Brooklyn, New York. The defendant was arrested and charged with a General Local Law Violation for riding his bicycle on the sidewalk. The defendant used the name "Eloy Magana" in connection with this arrest.

3. ICE was notified of this arrest. ICE officials ran a criminal history report and found that the defendant, a citizen

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

of Mexico, had been previously removed from the United States on or about November 7, 1995. The defendant used the name "Rogelio Rojas Hernandez" in connection with this removal.

4. ICE officials also determined that on or about October 13, 1994, the defendant had been convicted of (1) possession of a controlled substance, in violation of California Health and Safety Code 11377(a) and (2) burglary in the first degree, in violation of California Penal Code 460(a). The burglary conviction constituted an aggravated felony offense under the Immigration and Nationality Act. The defendant used the name "Rojelio R. Hernandez" in connection with these convictions.

5. In addition, ICE officials determined that, subsequent to these convictions, the defendant was removed from the United States to Mexico for a second time on or about September 24, 1998. The defendant used the name "Rogelio Rojas-Hernandez" in connection with this removal.

6. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's arrest underlying his October 13, 1994 conviction; the fingerprints taken in connection with the defendant's November 7, 1995 removal; the fingerprints taken in connection with the defendant's September 24, 1998 removal; and the fingerprints taken in connection with the defendant's transfer to

ICE custody on July 30, 2012, and determined that all three sets of fingerprints were made by the same individual.

6. A search of immigration records has revealed that there exists no request by the defendant for permission from either the United States Attorney General or the Secretary of the United States Department of Homeland Security to re-enter the United States following his two removals.

WHEREFORE, your deponent respectfully requests that the defendant ROGELIO ROJAS HERNANDEZ, also known as "Eloy Magana," "Rojelio R. Hernandez," "Rojelio Rojas Hernandez" and "Rogelio Rojas-Hernandez," be dealt with according to law.

_____
MATTHEW LEW
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me this
9th day of August, 2012

| HON | RENSTEIN |
| UNI | STRATE JUDGE |
| EAS' | )F NEW YORK |

4